**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ACCESS FOR THE DISABLED, INC.,**

      **Plaintiff,**

**v.**        Case No. 8:04-cv-598-T-30MSS

**R.E. MARTIN ENTERPRISES II, INC.,**

      **Defendant.**

_____

# ORDER

This cause comes on for consideration of Plaintiff's Motion to Compel Responses to Plaintiff's Request for Production (Dkt. 27) and Motion to Compel Responses to Plaintiff's First Set of Interrogatories (Dkt. 28) (collectively, the "Motions to Compel"). Plaintiff filed its Motions to Compel on March 29, 2005. To date, Defendant has failed to respond either to Plaintiff or to file responses to the Motions to Compel.

Plaintiff served interrogatories and a request to produce on Defendant on or around December 27, 2004. Defendant was required to provide its responses by January 31, 2005. On February 1, 2005, Defendant filed a Motion for Extension of Time to Complete Discovery requesting that the Court allow it until March 9, 2005 to respond to Plaintiff's discovery requests (Dkt. 20). The Court granted Defendant's Motion for Extension of Time on February 8, 2005 (Dkt. 21). On March 9, 2005, Defendant served answers to Plaintiff's interrogatories that Plaintiff deemed insufficient. Defendant failed completely to respond to Plaintiff's request for production.

**Motion to Compel Responses to Plaintiff's Request for Production**

Plaintiff alleges in its Motion to Compel Responses to Plaintiff's Request for Production (Dkt. 27) that Defendant failed to respond to Plaintiff's request for production in its entirety. Because Defendant failed to respond to Plaintiff's request initially and to Plaintiff's Motion to Compel Responses to Plaintiff's Request for Production (Dkt. 27), the Court finds that the Plaintiff is entitled to complete responses to its request for production as served on December 27, 2004.

**Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Interrogatories**

Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Interrogatories (Dkt. 28) seeks supplemental answers to Interrogatories 3-8 and 11, and the documents that Defendant failed to attach to Interrogatories 21 and 22 as "Exhibit A." Upon review of Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Interrogatories (Dkt. 28) the Court finds that Plaintiff is entitled to the supplemental answers it seeks as to Interrogatories 3-8 and 11.

As to Interrogatories 21 and 22, Plaintiff is correct that it is entitled to the documents that Defendant stated it had but failed to attach to "Exhibit A," as well as, in the interest of expediency, any pertinent building permits responsive to Interrogatories 21 and 22.

Upon review of the Docket in this case, the Court notes that Defendant, despite being already subjected to two Show Cause Orders (Dkts. 12 and 18), continues to be unresponsive to Plaintiff, and at times, even this Court.

Accordingly, the Court **ORDERS** that Plaintiff's Motions to Compel (Dkts. 27 and 28) are granted. Defendant shall:

1. Provide supplementary answers to Interrogatories 3-8 and 11 within five (5) days of the date of this Order;

2. Provide copies of all of the pertinent public building permits responsive to Interrogatories 21 and 22, as well as provide all of the documents Defendant failed to attach to "Exhibit A" within five (5) days of the date of this Order;

3. Respond to Plaintiff's request to produce as served within five (5) days of the date of this Order;

4. Pay to the Plaintiff the sum of $500.00 for fees and costs associated with the bringing of these motions within five (5) days of the date of this Order.

Failure to provide the supplemental answers and documents will result in Defendant's being subject to the sanctions requested by Plaintiff in its Motions to Compel. The Court will not entertain any Motions made by Defendant for an extension of time to comply with this Order.

**DONE** and **ORDERED** in Tampa, Florida this 28th day of April 2005.

Copies furnished to:

Counsel of Record
Judge James S. Moody, Jr.

MARY S. SCRIVEN
United States Magistrate Judge